# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE CART, | ) | CASE NO. 1:14-CV-1270 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| INVESTMENT RETRIEVERS, INC., | ) | NANCY A. VECCHIARELLI |
| | ) | |
| Defendant. | ) | **Report and Recommendation** |
| | ) | (Doc. Nos. 9, 15) |

Currently pending before the Court are: (1) the motion of Defendant, Investment Retrievers, Inc. ("IR" or "Defendant"), to set aside the entry of default (doc. no. 9); and (2) the motion of Plaintiff, Christine Cart ("Cart" or "Plaintiff") to strike or disregard the affidavit submitted in support of IR's motion to set aside (doc. no. 15). This case is before the undersigned United States Magistrate Judge on referral to, *inter alias*, resolve these motions.  (Docket Entry at 01/28/2015.)  For the reasons set forth below: (1) Plaintiff's motion to strike or disregarding the affidavit should be DENIED; and (2) Defendant's motion to set aside the default should be GRANTED.

## I. Background

This case arises out of Cart's claims that IR has improperly reported inaccurate information regarding Cart to the three major consumer credit reporting agencies, Equifax, Transunion and Experian.  The following facts are alleged in Cart's complaint:

In March 2012, Cart obtained copies of her consumer credit report from each of the three credit reporting agencies and ascertained that IR had reported to all three agencies that Cart owed it a debt.  In May and June 2012, Cart filed disputes with each of the three credit reporting agencies, disputing the validity of the debt.  The credit

reporting agencies requested that IR verify the debt. Eventually, Cart learned from each of the credit reporting agencies that IR had verified the information regarding the debt and the debt would remain on her credit report. In March 2014, Cart again obtained copies of her credit report from the credit reporting agencies and learned that IR was still reporting the debt on her credit report. Cart insists that she has never had an account with IR and that she does not owe the company any debt.

On June 12, 2014, Cart, *pro se*, filed a complaint against IR, alleging that it had violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a, *et seq.* ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), by, *inter alias*, failing to properly investigate her disputes of the debt; pulling her credit report without a permissible purpose; and willfully reporting inaccurate and erroneous information on Cart's credit report. (Doc. No. 1.) Cart obtained service on IR's registered agent on June 16, 2014. (Doc. No. 3.)

IR failed to file an answer to Cart's complaint and, on July 11, 2014, Cart filed a motion for an entry of default. (Doc. No. 4.) On August 4, 2014, the Clerk of Court entered default against IR. (Doc. No. 6.)

On August 15, 2014, IR filed a motion to set aside the entry of default ("Motion to Set Aside"), in which IR argued that its failure to answer Cart's complaint within the required time was the result of inadvertence and mistake. (Doc. No. 9.) In support of its motion to set aside, IR provided the affidavit of its then-employee, Gina Guillory. (Doc. No. 9-1 ("Guillory Aff.").)

In September 2014, Cart filed a motion to strike or disregard Guillory's affidavit ("Motion to Strike"), as well as opposition to the Motion to Set Aside. (Doc. Nos. 15,

16.)  In her Motion to Strike, Cart generally argues that the Court should disregard Guillory's affidavit because it contains hearsay statements and is otherwise unreliable. (Doc. No. 15.)  In her opposition to the Motion to Set Aside, Cart argues that, absent Guillory's affidavit, IR cannot demonstrate that it is entitled to the setting aside of the entry of default.  (Doc. No. 16.)  In October 2014, Cart filed a motion to "schedule an evidentiary hearing," in which she requested that the Court order Guillory and Parcher to appear in court and testify on the record, and to produce documents referenced in Guillory's affidavit.  (Doc. No. 23.)

Later in October 2014, the magistrate judge conducted a case management conference in this matter.  (Doc. No. 25.)  The parties agreed to proceed with discovery during the pendency of the Motion to Set Aside and the Motion to Strike.  (*Id*.)

In January 2015, the parties had a discovery dispute, which arose in part out of Cart's discovery requests to IR seeking information relevant to her challenge to the credibility of Guillory's affidavit.  (Doc. Nos. 33, 34.)  After an in-person conference on the discovery dispute, the magistrate judge: denied Cart's motion for an evidentiary hearing; ordered Cart to obtain Ms. Guillory's deposition by February 15, 2015; and instructed Cart that the subject matter of the deposition would be limited to the service of the complaint in this case.  (Doc. No. 33.)  In February 2015, the magistrate judge amended her order to: extend the time within which Cart was required to obtain Guillory's deposition to March 12, 2015; and expand the subject matter of the deposition to include all matters addressed in the affidavit.  (Doc. No. 41.)  The magistrate judge instructed the parties that, if Cart failed to arrange for Guillory's deposition within the required time, the magistrate judge would rule on the Motion to Set

Aside and the Motion to Strike without further proceedings; but, if Cart obtained the deposition, Cart would be permitted to file supplemental response to the Motion to Set Aside, addressing any new information obtained during the deposition. (*Id*.)

In March 2015, the magistrate judge granted Cart's request for a 14-day extension of time within which to schedule Guillory's deposition, extending the time period to April 10, 2015. (Doc. No. 44.) On March 19, 2015, Cart filed a notice indicating that she would take Guillory's deposition on April 14, 2015. (Doc. No. 47.) Thereafter, during an April 9, 2015 in-person conference addressing a second discovery dispute between the parties, Cart informed the magistrate judge that she was unable to serve Guillory with a subpoena, and, thus, she did not intend upon taking Guillory's deposition. (Doc. No. 50.) A court reporter transcribed this conference.

## II. Discussion

### A. Motion to Strike or Disregard Guillory's Affidavit

Cart requests that this Court strike or disregard the affidavit of Guillory, submitted by IR in support of its Motion to Set Aside, on the basis that it contains hearsay and is otherwise unreliable. The Federal Rules of Civil Procedure provide that "[w]hen a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions." Fed. R. Civ. P. 43(c). The Rules do not, however, set forth a general set of requirements for affidavits. Nor do they address the requirements for an affidavit specifically offered in support of a motion to set aside an entry of default. In a different context, the Rules require that "[a]n affidavit or declaration used to support or oppose a motion must be

4

made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4) (addressing the procedures for supporting factual assertions made in the context of a motion for summary judgment). The Sixth Circuit has interpreted Rule 56 to require courts to disregard hearsay evidence set forth in affidavits. *See, e.g., Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007).[1]

---

[1] Both parties cite to case law addressing the sufficiency of affidavits offered in support of motions for summary judgment, without discussing whether that case applies in the context of this case. There is considerable distinction between a Rule 56 motion for summary judgment and the Motion to Set Aside at issue here. In order to prevail on a motion for summary judgment, a party must demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Rule itself demonstrates that only admissible evidence may be considered in determining whether summary judgment is warranted in a particular case. *See, e.g.,* Fed. R. Civ. P. 56(c)(1)(B) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."); Fed. R. Civ. P. 56(e)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). These considerations are likely the reason for case law holding that an affidavit submitted in support of a motion for summary judgment may not contain hearsay. *See, e.g., Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) (examining the requirements of former Rule 56(e) and noting "[f]urthermore, hearsay evidence cannot be considered on a motion for summary judgment).

As discussed below, the standard for setting aside the entry of default – "good cause" – is different from the standard for granting summary judgment, and is considerably less stringent than the standard for a Rule 56 motion. *See, e.g.,* Fed. R. Civ. P. 55(c); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983). Accordingly, it is not clear that an affidavit in support of a motion to set aside an entry of default must satisfy the evidentiary standards of an affidavit submitted in support of a motion for summary judgment. Thus, it is arguable that such an affidavit may include hearsay, as there is no basis for concluding that the affidavit in support of a motion to set aside an entry of default must set forth only admissible evidence. *See, e.g., May v. Gale Tschuor Co., Inc.*, No. 2:08-CV-172, 2008 WL 5069132, *6 (N.D. Ind. Nov. 24, 2008) ("In this instance, the court is not concerned with whether [the defendant's] evidence [in support of its motion to set aside the entry of default] would ultimately be admissible at trial . . . The issue at this point in the litigation is only

5

Here, IR offers Guillory's affidavit in support of its Motion to Set Aside.  As discussed in further detail in Section II(B), *infra*, the standard for determining whether there is good cause to set aside an entry of default requires a court to consider, *inter alias*, whether the default was willful.  *United Coin*, 705 F.2d at 844.  The portions of Guillory's affidavit that address this issue state as follows:

> 1. I am a resident of Sacramento, California and over the age of eighteen.
>
> 2. I am familiar with the facts set forth this Affidavit through personal knowledge and/or review of corporate records and I am competent to testify to the matters stated herein.  I am familiar with the Complaint filed by Christine Cart and the allegations contained therein.
>
> 3. I have been employed with [IR] since March 2008 and have been the Compliance Auditor since 2011.
>
> 4. In my role as Compliance Auditor, I review federal, state, and local laws and regulations as they impact IR's business, help to create the policies to comply with these laws and regulations, and audit the collectors to ensure compliance with company policies and all federal, state, and local laws and regulations.
>
> 5. I have established procedures for monitoring any litigation involving IR and responding in a timely fashion to any lawsuits.
>
> 6. I run a weekly check of Pacer for any lawsuits that have been filed against IR.
>
> 7. I maintain a spreadsheet to keep track of all pending litigation.

---

whether the defendant's claimed evidence raises a triable fact issue.").  The Court need not resolve this issue in this case, however, as Cart's arguments that the relevant portions Guillory's affidavit contains hearsay are incorrect.

    8.      When I locate a lawsuit against IR prior to service, I notate the appropriate file and my spreadsheet.

    9.      I monitor the spreadsheet weekly, review the files for service, and have timed reminders to check the status on all accounts.

    10.     Once IR is served, I scan the lawsuit to the file, change the status of the account to reflect service, update my spreadsheet, review the lawsuit internally, and hire an attorney to handle the case.

* * *

    17.     I located the lawsuit filed by Plaintiff through one of my weekly Pacer searches.

    18.     I put this lawsuit into my spreadsheet and made a notation in Plaintiff's account that this file was being monitored for service of the lawsuit.

    19.     When IR was served, I scanned the lawsuit to Plaintiff's file, but mistakenly failed to change the status in the account from pending service to served and failed to update my spreadsheet.

    20.     I continued to monitor the file for service and did not realize that the Answer deadline passed.

    21.     I did not realize my error until I received the notice of default in the mail from the Court on August 12, 2014.

    22.     I immediately contacted counsel to file a motion to set aside the default and defend the case.

(Guillory Aff. at ¶¶ 1-10, 17-22.) The remaining portion of Guillory's affidavit describes the actions IR took with respect to the debt listed on Cart's credit report. (*Id*. at ¶¶ 11-16.) That portion of the affidavit, however, is not relevant in this case. Guillory's description of IR's actions with respect to the debt arguably provides facts related to

IR's meritorious defense in this case, which is another issue considered by courts in determining whether there is good cause to set aside an entry of default. *United Coin, 705 F.2d at 844*. As discussed in Section II(B)(3), *infra*, however, there is no requirement that a party seeking to aside an entry of default establish its meritorious defense via affidavit or any other authenticated evidence. Accordingly, even if that portion of Guillory's affidavit describing IR' conduct related to the debt contains hearsay, her statements on that issue have no bearing on the ultimate issue of whether this Court should set aside the default entry.

Further, Cart's challenges to the relevant portion of Guillory's affidavit lack merit. Cart's first argument is that Guillory's affidavit does not sufficiently demonstrate that she has personal knowledge of the facts contained in the affidavit. In the affidavit, Guillory avers that she is familiar with the facts set forth in her affidavit through, *inter alias*, "personal knowledge." (Guillory Aff. at ¶ 2.) She then describes her job duties and actions as IR's Compliance Auditor. (*Id*. at ¶¶ 3-10.) Cart contends that, because Guillory did not attach evidence demonstrating that she actually held the position of Compliance Auditor and that the duties Guillory described were actually assigned to her, Guillory's affidavit is not sufficient to establish her personal knowledge of the facts stated in the affidavit.

This argument lack merit. Research reveals no legal authority that requires an affiant to provide documents to support each and every assertion made in an affidavit, particularly assertions regarding the basis of personal knowledge. Cart points to Rule 602 of the Federal Rules of Evidence. The text of Rule 602, however, undermines Cart's argument:

> A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. *Evidence to prove personal knowledge may consist of the witness's own testimony*.

Fed. R. Evid. 602 (emphasis added). Here, Guillory described the bases for her personal knowledge of the facts set forth in her affidavit: her job duties as Compliance Auditor for IR. These are sufficient to demonstrate that Guillory had personal knowledge of the contents of her affidavit. Cart's arguments that Guillory lacks the personal knowledge necessary to support her affidavit lack merit.

### 2. Hearsay

Cart repeatedly asserts that Guillory's averments are hearsay because they are not supported by evidence attached to the affidavit. This argument lacks merit. The fact that a statement is not supported by evidence does not render that statement hearsay. Rather, Rule 801 of the Federal Rules of Evidence defines hearsay as follows:

> "Hearsay" means a statement that:
>
> (1) the declarant does not make while testifying at the current trial or hearing; and
>
> (2) a party offers in evidence to prove the truth of the matter asserted.

F. R. Evid. 801(c). Review of the relevant portion of the Guillory Affidavit reveals that none of the paragraphs contains hearsay. At no point in the affidavit does Guillory repeat a statement made by another individual. Nor does she quote from a document. Rather, each paragraph is a direct statement from Guillory, based on her personal knowledge or observations in this matter. Cart's arguments that this Court should strike Guillory's affidavit because it contains inadmissible hearsay lack merit.

9

### 3.  Other Arguments Regarding Credibility

Finally, Cart contends that Guillory's affidavit is otherwise unreliable, for several reasons.  First, she notes that, in the text of the affidavit, Guillory indicates that she is the "Compliance Auditor" for IR, while, under her signature on the affidavit, Guillory identifies her title as "custodian of records."  Second, Cart notes that, although Guillory indicates that she is a resident of Sacramento, California, she attested to the affidavit in Clark County, Nevada.  Neither of these situations gives rise to any reasonable basis for determining that the affidavit is inherently unreliable. The mere fact that an affidavit was sworn in a different geographic location that the residence of the affiant is not an indicia of unreliability.  Many people travel for work, or work in a place distant from their residence.  Further, it is possible that Guillory held both titles for IR.[2]  Regardless, absent something inconsistent or self-serving about the circumstances to which Cart points, these arguments are not sufficient to compel the conclusion that Guillory's affidavit is unreliable.  *See, e.g.,* *Freeman v. Trombley*, 483 F. App'x 51, 59 (6th Cir. 2012) (finding that the petitioner's affidavit in support of his habeas petition was "inherently unreliable" because it was inconsistent with the trial record); *De Jager Const., Inc v. Schleininger*, 938 F. Supp. 446, 450 (W.D. Mich. 1996) (finding that subcontractors' affidavits were "inherently unreliable" because they were obtained under circumstances "which could reasonably be construed to be of financial benefit to the subcontractor who gave the statement").

---

[2] In its response to Cart's Motion to Strike, IR stated that Guillory signed the affidavit while on vacation in Las Vegas, Nevada and that she held both titles for IR. (Doc. No. 17 at 4.)  These explanations, however, were not supported by any sworn statement.

Cart's remaining challenges to the credibility of Guillory's affidavit are similarly unavailing. Cart takes issue with Guillory's statement that she did not learn of the entry of default until she received the notice in the mail on August 12, 2014, which was nine days after the entry of default. Cart suggests that this is an unreliable statement because IR's registered agent sent the notice of default to IR electronically,[3] and the registered agent is "within a couple days mailing" from this Court. In other words, Cart seems to suggest that Guillory received the notice of default sooner than she states in her affidavit. This argument assumes many facts, *e.g.,* that the policies to which Cart refers apply to IR; that Guillory is a recipient of electronic notices from IR's registered agent; and that the registered agent sends such notices immediately upon receipt. In other words, these arguments rely on Cart's assumptions, which are not sufficient to undermine the reliability of Guillory's affidavit.

Finally, Cart takes issue with Guillory's statement that she discovered Cart's lawsuit through one of her weekly Pacer searches for suits filed against IR. Cart notes that, prior to filing suit, she sent IR a Notice of Intent to Litigate. Apparently, Cart is arguing that Guillory actually learned of the lawsuit by receiving Cart's notice. This argument, in addition to being a non-sequitur, again assumes multiple facts, *e.g.,* that Guillory was the individual who received the notice;[4] or that, if she was not, she was

---

[3] To support this contention, Cart submits what she purports are copies of the policies of IR's registered agent. (Doc. No. 15-2.) She provides no method of authenticating these documents, however.

[4] Cart attaches a copy of the notice and what purports to be a certified mail receipt for mail sent to IR from Cart. Neither is authenticated. The receipt reflects that an individual named Ashley Hadley signed for whatever document was sent via certified mail. (Doc. No. 15-4.0

11

notified of IR's receipt of the notice, and that a notice to litigate has the same effect as a served complaint and summons. These assumptions are not sufficient to form any basis for undermining the reliability of Guillory's affidavit. Accordingly, Cart's Motion to Strike should be DENIED.

### B.     Motion to Set Aside the Entry of Default

Rule 55(a) of the Federal Rules of Civil Procedure requires the Clerk of Court to enter default where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Rule 55(c) permits a court to set aside an entry of default "for good cause."[5] In determining whether to set aside an entry of default, a court considers whether: (1) the default was willful; (2) the plaintiff would be prejudiced by setting aside the default; and (3) the defendant alleges a meritorious defense. *United Coin*, 705 F.2d at 844.

#### 1.     Willfulness

In the context of a Rule 55(c) motion to set aside the entry of default, the Sixth Circuit has described "willful" conduct as "culpable," or displaying "an intent to thwart judicial proceedings or a reckless disregard for the effect of [a party's] conduct on those proceedings." *Shepard Claims Service,* 796 F.2d at 194.   For example, in *Shepard*,

---

   [5] Although the Clerk entered default in this case, there has been no entry of default judgment. Accordingly, in order to set aside the entry of default, this Court need not consider the stricter standard for setting aside a default judgment, which is governed by Rule 60(b). *See, e.g., Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193-194 (6th Cir. 1986) ("Although the elements for relief under Rule 55(c) or Rule 60(b) are substantially the same, the standards are applied more stringently when considering a motion to vacate a default judgment under Rule 60(b).") (internal citation omitted).

12

the defendant's counsel stated that his client's failure to file an answer resulted from counsel's secretary's misunderstanding of an agreement between the parties regarding the amount of time requested by the defendant for leave to plead, and on counsel's own failure, upon his return from vacation, to review a letter prepared by his secretary regarding the agreed upon time period. The Sixth Circuit determined that, while "careless and inexcusable," counsel's conduct was not sufficient to serve as the basis for denying the motion to set aside an entry of default. *Id*. The court noted that, absent evidence of "a pattern of disregard for court orders or rules," the "strong policy in favor of deciding cases on their merits outweighed any inconvenience to the court" or the plaintiff "resulting from the relatively short delay in answering." *Id*.

Here, IR's conduct falls far short of demonstrating an intent to thwart this Court's proceedings or any disregard for the effect of its conduct on these proceedings. The relevant portion of Guillory's affidavit describes a mistake, not intentional conduct or a reckless disregard for Cart's lawsuit. According to Guillory, she failed to change the status of Cart's case on a spreadsheet that Guillory maintained for the purpose of tracking pending lawsuits against IR. This conduct was, at worst, "careless and inexcusable," and, thus, does not rise to the level of willfulness.

Cart argues that IR willfully failed to answer her complaint in this case. Her argument, however, relies on another argument that Guillory's affidavit is not credible. Specifically, Cart questions how an individual who engages in the procedures described by Guillory in order to prevent these types of omissions could actually fail to timely answer a complaint. Cart's argument, however, actually supports IR's contention that the conduct at issue was not sufficient to preclude setting aside the entry of default.

The fact that Guillory engages in the procedures described in her affidavit, including by maintaining a spreadsheet to keep track of all pending litigation, actually demonstrates that IR's conduct was neither intentional nor evinces a reckless disregard for judicial proceedings.  Further, Guillory's description of her specific mistake – that she failed to change the status of Cart's lawsuit on her spreadsheet to reflect service – explains why she failed to review the lawsuit and obtain representation to file an answer and defend against the claims.  According to her spreadsheet, she was still awaiting service of the complaint while, in actuality, the time for filing an answer was elapsing.

Cart also argues that IR's conduct rises to the level of culpability because she sent the company a notice of her intent to litigate.  This argument is unavailing.  IR does not contend that it was unaware of the suit, just that Guillory failed to note when Cart obtained service of the complaint.  Cart's remaining arguments – challenges to the sufficiency and reliability of Guillory's affidavit that are addressed in Section II(A), *infra* – are not sufficient to demonstrate intentional misconduct or reckless disregard by IR.  Guillory's mistake in failing to change the status of the lawsuit after Cart obtained service on IR does not rise to the level of wilfulness in this case.  This factor weighs in favor of granting the Motion to Set Aside.

### 2. Prejudice to Cart

Plaintiff contends that she will be prejudiced by the setting aside of the default entry in this case because: (1) the case has been delayed by IR's untimely answer; (2) Plaintiff will lose the opportunity for discovery; and (3) the delay will "provide greater opportunity for IR to further the fraud as they have done in" Guillory's affidavit.  (Doc. No. 16-1 at 4-5.)  These arguments lack merit.

It is well established that "delay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (internal quotation marks omitted) (finding that plaintiff failed to demonstrate prejudice because plaintiff "has not shown that discovery would be more difficult or that evidence would be lost"). Rather, in order to demonstrate prejudice, the party opposing a request to set aside a default entry must show that "delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion." *Id*. (internal quotation marks omitted).

In this case, Cart cannot demonstrate the requisite prejudice. IR filed the motion to set aside the default promptly. Discovery has proceeded throughout the pendency of the Motion to Set Aside and the Motion to Strike. Indeed, the magistrate judge permitted Cart to obtain limited discovery regarding Guillory's affidavit. Additionally, given the progress of discovery and the fact that there is a case management plan in place, it is as if there has been no delay in this case. Cart contends that IR's delay in answering resulted in her inability to depose Samantha Parcher, a former IR employee who is mentioned in Guillory's affidavit as having worked on Cart's dispute of the debt. Apparently, Cart's argument is that, because Parcher is no longer employed with IR, she cannot be deposed. Cart does not contend, however, that Parcher left her employment with IR at some point during the pendency of this lawsuit, or that Cart has otherwise attempted to locate and subpoena Parcher to testify at deposition and been unable to do so. Finally, Cart's claim that the delay in answering in this case will enable IR to engage in "further fraud" is conclusory and based mainly on her challenges to Guillory's affidavit, which are meritless. Accordingly,

15

there is no basis for determining that Cart will be prejudiced by the setting aside of the default entry in this case. This factor weighs in favor of granting the Motion to Set Aside.

### 3. Meritorious Defense

In this context, "[a] defense is 'meritorious' if it is 'good at law.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 843 (6th Cir. 2011) (quoting *United States v. $22,050.00 United States Currency*, 595 F.3d 318, 326 (6th Cir. 2010)). A court should not consider "whether the defense is likely to succeed on the merits," but, rather, whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *$22,050.00 United States Currency*, 595 F.3d at 326 (internal quotation marks omitted). A defendant seeking to set aside the entry of default need not provide "detailed factual allegations" to support its asserted defenses. *Dassault Systemes*, 663 F.3d at 843.

Here, Cart's complaint asserted that IR, *inter alias*, failed to properly investigate her disputes of the debt and willfully reported inaccurate and erroneous information on Cart's credit report. IR argues that it has a meritorious defense in this case because, *inter alias*, it conducted an investigation of the debt that complied with the relevant federal laws, and properly reported accurate information to the credit bureaus. These defenses, if proven, could result in a judgment in favor of IR on at least some of Cart's claims. This result is contrary to the result achieved by the entry of default.

Cart argues that IR has no meritorious defense in this case because Guillory's affidavit is not sufficient to establish such a defense. This argument lacks merit. Cart

16

points to no authority requiring a defendant in this context to its establish the facts of its meritorious defenses via affidavit. At least one court in this Circuit has noted that, unlike some state courts, federal courts do not require affidavits in this context. *See GE Commercial Fin. Business v. Binyan Mich., LLC*, No. 06-cv-14070, 2007 WL 1017002, *3 (E.D. Mich. March 29, 2007). Accordingly, this factor weighs in favor of setting aside the entry of default, and this Court should grant the Motion to Set Aside.

### III. Conclusion

For the foregoing reasons, the Magistrate Judge recommends that:

(1) Plaintiff's motion to strike or disregarding the affidavit be DENIED; and

(2) Defendant's motion to set aside the default should GRANTED.

The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff via e-mail as well as regular mail.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: April 17, 2015

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**