UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE CART, *Pro Se*, | ) | Case No.: 1:14 CV 1270 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| INVESTMENT RETRIEVERS, INC., | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

## I.  INTRODUCTION

This case arises out of a suit alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), and the Fair Credit Report Act ("FCRA").  *Pro Se* Plaintiff Christine Cart ("Plaintiff" or "Cart") filed a Motion for Entry of Default on July 11, 2014 (ECF No. 5).  Defendant, Investment Retrievers, Inc. ("Defendant" or "IR") did not oppose this Motion, and the court entered default on August 4, 2014 (ECF No. 6).  Defendant then moved the court to set aside the entry of default, in a Motion filed on August 15, 2014 (ECF No. 9).  Subsequently, Plaintiff filed a Motion to Strike (ECF No. 15), arguing that the court should strike the affidavit submitted in support of Defendant's Motion to Set Aside, and an Opposition to Defendant's Motion to Set Aside the Entry of Default (ECF No. 16).  The court referred these and other matters to Magistrate Judge Nancy A. Vecchiarelli ("Magistrate Judge" or "Judge Vecchiarelli") for the preparation of a Report and Recommendation (R&R).  In an R&R dated April 14, 2015 (ECF No. 53), the Magistrate Judge recommended that this court grant Defendant's Motion to Set Aside the Entry of Default and deny Plaintiff's Motion to Strike.  Plaintiff filed Objections to the R&R, and as such the court undertakes a *de novo* review

pursuant to Federal Rule of Civil Procedure 72(b)(3).  After conducting a *de novo* review, and for the reasons stated below, the court adopts the Magistrate Judge's R&R in full.

## II.  FACTS AND PROCEDURAL HISTORY

Plaintiff filed the instant suit against Defendant in this court on June 12, 2014, alleging violations of the FDCPA and the FCRA.  Plaintiff alleges that from June 2012 to the present date, Defendant has submitted false and inaccurate reports to credit reporting agencies, which have adversely affected her credit report.  (Compl. ¶ 53.)  Plaintiff alleges she does not currently have, and has never has had, any business relationship or contractual agreement for credit, loans, or services with Defendant.  (*Id.* ¶ 25.)  Plaintiff requests compensatory and punitive damages, as well as attorneys' fees, costs, and interest.

Plaintiff filed a Request for Entry of Default Judgment on July 11, 2014, because twenty-one days had lapsed since Defendant was served the Complaint.  (Cart Aff. in Supp. of Req. for Entry of Default  ¶ 5.)  On August 4, 2014, the Clerk of Court entered a default pursuant to Federal Rule of Civil Procedure 55(b)(1) (ECF No. 6).  Shortly thereafter, Defendant filed a Motion to Set Aside the Entry of Default and Memorandum in Support.  In its Motion, Defendant contended that its default was due to an oversight, and submitted the affidavit of its compliance auditor, Gina Guillory ("Guillory"), in support.  Guillory explained the reasons for the delay and as to the existence of a contractual agreement between Plaintiff and Defendant.  Plaintiff filed an Opposition to Defendant's Motion to Set Aide on September 22, 2014 (ECF No. 16.), and also filed a Motion to Strike Guillory's affidavit on the same date (ECF No. 15).  The crux of Plaintiff's argument in her Opposition and Motion to Strike was that the evidence contained in Guillory's affidavit relied mostly on hearsay, or information about which Guillory lacked personal knowledge, and therefore could not be used in support of Defendant's arguments.  Defendant filed a Response to Plaintiff's

Opposition on September 29, 2014 (ECF No. 17), to which Plaintiff filed a Reply.  (ECF No. 22).

### III.  MAGISTRATE JUDGE'S R&R

On April 14, 2015, the Magistrate Judge issued an R&R, recommending that the entry of default be set aside.  The Magistrate Judge first concluded that Guillory's affidavit should not be stricken because it contained no hearsay and because Guillory only testified about facts which she personally observed.  Further, the Magistrate Judge found that, contrary to Plaintiff's belief, an affiant need not provide supporting documentary evidence to demonstrate personal knowledge, and Guillory's statements regarding her job duties were sufficient to establish personal knowledge.  The Magistrate Judge also concluded that the arguments Cart made regarding Defendant's credibility were insufficient to demonstrate that the evidence Defendant put forward was unreliable.  Evaluating the evidence under the standard set forth in Federal Rule of Civil Procedure 55(b)(1), the Magistrate Judge also concluded that the entry of default should be set aside.  First, the court found that Defendant's failure to provide an answer to the Complaint was not willful.  Second, the Magistrate Judge found that setting aside the entry of default would not prejudice Plaintiff, because significant discovery has already been conducted, and discovery is ongoing.  Finally, the Magistrate Judge found that Defendant could have a meritorious defense.  Based on these findings, Judge Vecchiarelli recommended that the Entry of Default be set aside.

Plaintiff filed an Objection to the R&R, asserting many of the same arguments put forward in her original filings on the matter.  On the issue of Guillory's affidavit, Plaintiff argued that it should be stricken because it contains hearsay, and because Guillory did not adequately demonstrate personal knowledge.  If Guillory's affidavit is stricken, Plaintiff argued, all that is left are the arguments made in Defendant's Motion to Set Aside, which are insufficient because arguments

made by Defendant's counsel cannot be used as evidence.  Cart also again challenges the credibility of IR based on some inconsistencies in the evidence it presented in support of its Motion.  Put simply, Cart asserts that there is reason to believe that Guillory knew of the suit, given her position in the company, and given Plaintiff's communications with IR.  In objecting to the Magistrate Judge's conclusions regarding whether the entry of default should be set aside, Plaintiff argued that Defendant's omission was willful because the circumstances surrounding Defendant's omission suggest that it was deliberate.  (Obj. to R&R at 15.)  Plaintiff also reiterated that setting aside the entry of default will cause prejudice because she has not been able to depose relevant witnesses, and cannot locate them.  According to Plaintiff, "any evidence that may have been discovered from [these witnesses] is now lost forever."  (Obj. to R&R at 17.)  Finally, Cart argues that Defendant cannot establish a meritorious defense because the statements in Guillory's affidavit must be stricken; as a consequence, IR has no evidence on which to rest its argument regarding a meritorious defense.  Defendant filed a Response to Plaintiff's Objections, to which Plaintiff filed a Reply.

## IV. LAW AND ANALYSIS

### A. Motion to Strike

The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.  *See* Fed. R. Civ. P. 12(f) (stating that a court can strike from the pleadings "any insufficient defense" or "any redundant, immaterial, impertinent, or scandalous matter").  A motion to strike is a "drastic remedy that should be used sparingly and only when the purposes of justice require."  *Beckett v. Ford*, No. 3:06 CV 1319, 2007 WL 2891122, at*17 (N.D. Ohio Sept. 28, 2007).  A motion to strike should only be granted when the pleading to be stricken has no possible relation to the controversy.  *See id.* (internal citations and quotations omitted).

In her Objections, Cart argues that Guillory's affidavit must be stricken because Guillory does not have personal knowledge of the facts contained in the affidavit, and because the facts rely on hearsay.  She does not specify which portions of Guillory's affidavit contain inadmissible information.  Under the Federal Rules of Evidence, hearsay is defined as a statement that:

> (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.

Fed. R. Evid. 801(c).  Here, "declarant" means the person who made the statement.  Fed. R. Evid. 801(b).  Generally, a statement is hearsay when the person testifying (a person who is not the declarant) attempts to provide a statement previously offered by the declarant.  Plaintiff misunderstands this rule and appears to argue that, because Guillory is not testifying at a trial or hearing, and is thus not available for cross-examination, all of the statements in the affidavit are hearsay.  This is incorrect.  Certainly, some of the statements in the affidavit are not hearsay as they would be admissible at trial.  These statements are made on personal knowledge, contrary to the argument by Defendant.  Guillory testifies as to personal knowledge in the following paragraph:

> 2. I am familiar with the facts set forth in this Affidavit through personal knowledge and or review of corporate records and I am competent to testify to the matters stated herein. I am familiar with the Complaint filed by Plaintiff Christine Cart and the allegations contained therein.
>
> 3. I have been employed by Investment Retrievers, Inc. ("IR") since March 2008 and have been the Compliance Auditor since 2011.

(Guillory Aff. ¶¶ 2–3.)  Guillory then goes on to describe facts relevant to her position as Compliance Auditor and those which she personally observed:

> 4. In my role as Compliance Auditor, I review federal, state, and local laws and regulations as they impact IR's business, help to create the policies to comply with these laws and regulations, and audit the collectors to ensure compliance with company policies and all federal, state, and local laws and regulations.

- 5 -

5. I have established procedures for monitoring any litigation involving IR and responding in a timely fashion to any lawsuits.

6. I run a weekly check of Pacer for any lawsuits that have been filed against IR.

7. I maintain a spreadsheet to keep track of all pending litigation.

8. When I locate a lawsuit against IR prior to service, I notate the appropriate file and my spreadsheet.

9. I monitor the spreadsheet weekly, review the files for service, and have timed reminders to check the status on all accounts.

10. Once IR is served, I scan the lawsuit to the file, change the status of the account to reflect service, update my spreadsheet, review the lawsuit internally, and hire an attorney to handle the case.

\* \* \*

17. I located the lawsuit filed by Plaintiff through one of my weekly Pacer searches.

18. I put this lawsuit into my spreadsheet and made a notation in Plaintiff's account that this file was being monitored for service of the lawsuit.

19. When IR was served, I scanned the lawsuit to Plaintiff's file, but mistakenly failed to change the status in the account from pending service to served and failed to update my spreadsheet.

20. I continued to monitor the file for service and did not realize that the Answer deadline passed.

21. I did not realize my error until I received the notice of default in the mail from the Court on August 12, 2014.

22. I immediately contacted counsel to file a motion to set aside the default and defend the case.

(Id. ¶¶ 4–22.)  There is no need for IR to provide further evidentiary support to the facts contained in these paragraphs, as they are those that Guillory personally observed and are matters to which she would testify at trial.

- 6 -

Elsewhere in the affidavit, Guillory explains the activities of Samantha Parcher ("Parcher"), a former IR employee:

> 15.   A former employee, Samantha Parcher, who reported directly to me, investigated the disputes, verified that all of the information IR was reporting regarding Plaintiff's debt was accurate and sent a response back to all three credit bureaus confirming the information reported and notating that Plaintiff disputed the debt.

(*Id.* ¶ 15.)  There is also no need for additional support here, because, as Guillory states, Parcher reported directly to her.  Whether or not she would testify to these matters at trial, her affidavit is sufficient to serve as proffer as to what Defendant might prove.

There are some facts in the affidavit that conceivably go beyond what Guillory would, presumably, have knowledge of as Compliance Auditor.  Specifically, Guillory states:

> 11.   IR purchased Plaintiff's debt to Washington Mutual in 2008.

> 12.  IR sent Plaintiff a letter regarding its purchase of her debt and including all of the notices required under the FDCPA on July 30, 2008.

> 13.  IR also begun reporting Plaintiff's debts to the three major credit bureaus.

(*Id.* ¶¶11–13.)  She does not provide backup documentation to support her assertions.  However, at this stage, Plaintiff does not have to put forth evidence that would be admissible at trial.  The statements contained in her affidavit may be viewed in the nature of a proffer which the court may consider in deciding the Motion.  As the Magistrate Judge reasoned, the "standard for setting aside the entry of default–'good cause'–is different from the standard for granting summary judgment, and is considerably less stringent than the standard."  (R&R at 5 n.1.)  Further, Cart does not argue that Guillory's affidavit has no relation to the present controversy, which is the determining factor in a motion to strike dispute.  Thus, although the court finds that it might, upon a Rule 56 motion, strike

- 7 -

portions of Guillory's affidavit referenced above, it holds that here, where the issue is only whether to set aside an entry of default the Affidavit, it will take no such action.

Plaintiff also lodges various complaints regarding Defendant's credibility.  The Magistrate Judge found that the issues raised by the Plaintiff here were insufficient to lead the court to strike the affidavit, and the court agrees. In her Motion to Strike, Cart took issue with the fact that in the affidavit, Guillory states that she works as IR's Compliance Auditor, but under her signature, her title is "custodian of records."  Further, Cart pointed out that the affidavit was notarized in a different location than Sacramento, California, where Guillory stated that she resided.  Defendant responds to Cart's challenges by stating that Guillory signed the affidavit while on vacation in Las Vegas, and that she held both titles for IR.  (R&R at 10 n.2.)  As the Magistrate Judge pointed out, Defendant's explanations were not supported by any sworn statement.  (*Id.*)  In her Objections, Cart argues that, because Defendant's explanations are not supported by a sworn statement, "the court must accept Plaintiff's [sic] argument as valid and true."  (Obj. to R&R at 12.)  This is not correct.  Although the court is concerned about what appears to be carelessness by Defendant as reflected by these and other errors, the court does not have a basis for discounting the averments in Guillory's affidavit at this time.  Further, contrary to Plaintiff's argument, the court is not required to accept Plaintiff's statements as true simply because IR has not provided a sworn statement to support its explanations. Cart puts forth no authority indicating that it should.  Consequently, the court adopts the Magistrate Judge's recommendation that Cart's Motion to Strike be denied.

### B.  Motion to Set Aside Entry of Default

Federal Rule of Civil Procedure 12(a)(1)(A) requires a defendant to serve an answer "within 21 days after being served with the summons and complaint."  The court may extend the time for filing an answer. Fed. R. Civ. P. 6(b)(1).  Defendant did not petition the court for an extension to file an answer.  Thus, Defendant failed to file a response within the time frame set forth by the Rules.

The Federal Rules of Procedure state that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In accordance with this Rule, the clerk of this court entered an entry of default on August 4, 2014.

An entry of default can be set aside for "good cause," which requires a showing that (1) the default was willful, (2) a set aside would prejudice the plaintiff, and (3) the alleged defense could be meritorious. *Dassault Sys. v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011). Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default. *Shepard Claims Serv. v. Wililam Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). Nevertheless, there is a "strong preference for trials on the merits in federal courts," *id.*, and courts have cautioned against imposing the "harsh sanction of default." *United Com Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983). The standard for applying Rule 55(c) is applied less stringently, because Rule 55(c) motions apply where there has only been an entry of default, while Rule 60(b) motions apply when a judgment has already been entered. *See Shepard*, 796 F.2d at 194 (quoting *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980)).

The Magistrate Judge concluded that the entry of default should be set aside based on the above framework, and the court agrees. First, IR's failure to file an answer was not willful. The relevant portion of Guillory's affidavit states:

> 19.  When IR was served, I scanned the lawsuit to Plaintiff's file, but mistakenly failed to change the status in the account from pending service to served and failed to update my spreadsheet.
>
> 20.  I continued to monitor the file for service and did not realize that the Answer deadline passed.

(Guillory Aff. ¶ 19–20.) As these statements indicate, and as the Magistrate Judge correctly concluded, IR's failure to answer was the product of "mistake, not intentional conduct or a reckless

disregard for Cart's lawsuit." (R&R at 13.) Cart argues, in her Objections, that Guillory's failure to file an answer was caused by Guillory's "forgetfulness in answering Plaintiff's Complaint." (Obj. to R&R at 14). While this may be true, Plaintiff points to no authority indicating that forgetfulness can rise to the level of wilfulness, and the court is convinced that it does not.

Second, the court agrees with the Magistrate Judge that Plaintiff would not be prejudiced by setting aside the entry of default. In order to find prejudice, there must be more than mere delay, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *INVST Financial Group, Inc. v. Chem-Nuclear Sys.*, 815 F.2d 391, 398 (6th Cir. 1987) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). As the Magistrate Judge noted, discovery is already underway and some discovery has already been completed. Thus, "it is as if there has been no delay in this case." (R&R at 15.) In her Objections, Cart argues that there is prejudice because the Magistrate Judge has disallowed her discovery requests, and that IR's delay resulted in her inability to locate and depose Guillory and Parcher. (*See* Obj. to R&R at 16.) Cart also argues that the difficulties she has had in locating Guillory and Parcher suggest fraud on the part of IR and that further delay will provide more opportunities for fraud. The court finds that Cart's allegations of fraud on the part of IR are simply too conclusory (as the Magistrate Judge noted) and too speculative to prevail. Further, that the Magistrate Judge denied some discovery requests does not demonstrate increased difficulties of discovery. Finally, while the court appreciates Plaintiff's frustration caused by her inability to locate witnesses, she does not argue here that Defendant has caused this difficulty by, for example, failing to comply with discovery requests.

Finally, as the Magistrate Judge correctly concluded, Defendant could have a meritorious defense. In determining whether a defendant could have a meritorious defense, the court considers

whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *See Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006) (quoting *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)).  Here, IR's evidence comes in the form of Guillory's affidavit, in which she states that Plaintiff has a debt to IR, IR conducted a reasonable investigation into the debt, and that Cart was informed of this debt.  (*See* Guillory Aff. ¶¶ 11–15.)  Defendant could not be liable under the FDCPA or the FCRA if it reported to credit agencies based on accurate information, for a permissible purpose, and pursuant to a reasonable investigation.  Guillory's statements suggest that the Defendant reported a legitimate debt owed by Plaintiff and took steps to investigate the accuracy of its information.  As such, Defendant has put forth facts to show that there is some possibility that judgment will be "contrary to the result achieved by default." *Burrell*, 434 F.3d at 834.  Plaintiff's Objection here is that the evidence in the affidavit is inadmissible, and thus cannot be used to prove a meritorious defense.  As the court discussed above, and as the Magistrate Judge concluded, this argument is not well-taken. Consequently, because the court finds that Defendant's conduct was not willful, that Plaintiff would not suffer prejudice if the entry of default is set aside and because the Defendant has shown that it may have a meritorious defense, the entry of default is hereby set aside.  The court is satisfied that Defendant has proffered sufficient evidence to support the conclusion that Defendant could have a meritorious defense.

In reaching its ultimate conclusion, the court stresses that courts have routinely recognized the strong preference for trials on the merits, and also stresses that the "good-cause" standard is not onerous.  Consequently, the court finds that the entry of default will be set aside, and grants Defendant's Motion.

## V.  CONCLUSION

For the reasons stated above, the court adopts the Magistrate Judge's Report and Recommendation (ECF No. 53).  The court hereby grants Defendant's Motion to Set Aside Entry of Default (ECF No. 9).  The court also denies Plaintiff's Motion to Strike the affidavit submitted in support of Defendant's Motion to Set Aside Entry of Default (ECF No. 15).  In accordance with this Order, the Entry of Default previously entered in this matter (ECF No. 6) is hereby set aside.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

August 7, 2015