UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE CART, *Pro Se*, | ) | Case No.: 1:14 CV 1270 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| INVESTMENT RETRIEVERS, INC., | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

This matter comes before the court upon the Report and Recommendation ("R&R") (ECF No. 82) of United States Magistrate Judge Nancy A. Vecchiarelli ("Magistrate Judge" or "Judge Vecchiarelli"), advising that the court grant in part and deny in part Defendant Investment Retrievers' ("IR") Motion for Sanctions (Def.'s Mot. for Sanctions, ECF No. 68) and award IR reasonable attorney fees and costs. For the following reasons, the court adopts the R&R of the Magistrate Judge.

On January 20, 2015, the court referred this matter to Judge Vecchiarelli to assist the parties in resolving ongoing discovery disputes. (Order, ECF No. 28.) However, the issues continued, culminating in IR's Motion for Sanctions. (Def.'s Mot. for Sanctions, ECF No. 68.) In sum, IR argues that Plaintiff Christine Cart ("Plaintiff" or "Cart") has willfully failed to cooperate during discovery. Cart filed a Response on June 9, 2015. (ECF. No. 74.) Then, on June 12, 2015, IR filed a Reply (ECF No. 77) in support of its Motion. Finally, on October 1, 2015, Judge Vecchiarelli

issued the instant R&R, noting that "Cart has repeatedly demonstrated a pattern of willful misconduct during discovery in this case. She has refused to comply with the magistrate judge's orders, and has provided vague, inaccurate and incredulous responses to IR's discovery requests and deposition questions." (ECF No. 82, at 26.) Moreover, this misconduct "has essentially precluded IR from obtaining the information it requires to defend itself against her claims without engaging in an unreasonably expensive and widespread hunt for evidence, which, even with the exercise of reasonable diligence, may be impossible to obtain." (*Id.* at 27.) Consequently, Judge Vecchiarelli recommended the following sanctions:

> (1) The requests for admission addressing Cart's various bankruptcy filings (Request for Admission Nos. 7, 8, 9, 11, and 13) should be deemed admitted;
> 
> (2) Cart should be deemed to have resided at 7234 State Route 45 in Orwell, Ohio at the time that the credit card statement at issue was sent to that address;
> 
> (3) Cart should be deemed to have received the credit card statements produced by IR in its responses to her discovery requests, and to have made the November 2007 payment reflected in those statements;
> 
> (4) Cart should be precluded from offering any explanation adverse to IR as to why she listed IR as a creditor in her 2010 and 2011 bankruptcy filings; and
> 
> (5) Cart should be precluded from offering any evidence that is inconsistent with her deposition testimony and responses to discovery requests regarding those areas about which she stated that [she] could not recall specific information (including but not limited to: her residence history, bank account information, and work history).

(*Id.* at 28-29.) Judge Vecchiarelli also found that Cart's misconduct warrants the award of attorney

fees and costs pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure. (*Id.* at 30.)

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1) (2014). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. Furthermore, the failure to file written objections to the R&R of a Magistrate Judge constitutes a waiver of a party's right to appeal the district court's judgment. *Thomas v. Arn,* 474 U.S. 140, 145 (1985).

In the instant case, Plaintiff has not filed timely objections to the R&R. On the day the R&R was issued, the court served Plaintiff with a copy by regular mail at her address of record, as well as via email. The R&R itself indicated that Plaintiff would have fourteen days within which to file any objections. (ECF No. 82, at 30.) Nonetheless, Plaintiff did not file a response until October 19, 2015, four days after the deadline. (ECF No. 83.)

Even though Plaintiff's objections are untimely, and she was offered no reason why that is so, the court, out of an abundance of caution, has reviewed the Magistrate Judge's R&R *de novo*. After conducting such review, the court finds all aspects of the Magistrate Judge's R&R to be well taken. It, therefore, adopts as its own Judge Vecchiarelli's R&R. (ECF No. 83.)

Within fourteen (14) days of the date of this Order, lead counsel for Defendant shall submit an affidavit detailing the time expended and applicable hourly rate, together with an itemization of costs incurred as a result of Plaintiff's failures to provide materials requested in discovery and to comply with discovery orders. Plaintiff shall have seven (7) days if she wishes to raise any challenge to the amount of fees requested by Defendant. Thereafter, the court will award the reasonable costs, including attorney's fees, in favor of Defendant and against Plaintiff.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

November 3, 2015